# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **HILDA GOMEZ-TUCKER** | |
| PLAINTIFF | CIVIL NO. 15-1192 |
| VS. | |
| **DORADO HEALTH, INC.** d/b/a **MANATI MEDICAL CENTER;** **DR. HECTOR GALLOZA-LAGUER,** his wife, Jane Doe, and the conjugal partnership comprised between them; **FERNANDO DESCARTES,** his wife, Mary Doe, and the conjugal partnership comprised between them; **LUIS VEGA SANTIAGO,** his wife Lisa Doe, and the conjugal partnership comprised between them; **EMERGENCY ROOM COMPANY XYZ; INSURANCE COMPANY A,B, C, D, E** | TORT CIVIL ACTION PERSONAL INJURY MEDICAL MALPRACTICE TRIAL BY JURY DEMANDED |
| DEFENDANTS | |

## COMPLAINT

**TO THE HONORABLE COURT:**

   **COMES NOW, Hilda Gomez-Tucker,** (hereinafter referred as "Plaintiff"), through the undersigned attorneys and very respectfully states, alleges and prays as follows:

### PRELIMINARY STATEMENT

   1.   Plaintiff hereby bring this action under Puerto Rico local tort law, 31 L.P.R.A. sec. 5141 et seq, seeking compensatory damages to redress the her pain and suffering as well as mental anguish, which was caused by the exclusive and inexcusable negligence of the Defendants.

2. Plaintiff is a 76 year old victim of a car accident which occurred on March 5, 2014, caused by the negligence of Mr. Luis Vega Santiago (hereinafter referred as "Tortfeasor"). She was taken by Paramedics to the Emergency Room of Manati Medical Center (hereinafter referred to as "Hospital"), which is run by either the Hospital and/or Emergency Room Company XYZ (hereinafter referred to as "ERC"). At the Emergency Room, Plaintiff was negligently diagnosed, treated and discharged by Dr. Hector Galloza-Laguer (hereinafter referred to as "Doctor A") and Dr. Fernando Descartes (hereinafter referred to as "Doctor B"). The before mentioned defendants held insurance policies with Insurance Companies A, B, C, D and E, respectively.

3. After being negligently discharged, Plaintiff continued to suffer pain and suffering for the following weeks, until she proceeded to go to her personal doctor around March 18, 2014, who surprisingly found that the Plaintiff had unattended injuries. Plaintiff proceeded to be treated by her personal doctor and has been attending physical therapies as she presently continues in her road to recovery.

4. As a direct consequence of the acts and/or omissions set forth herein, Plaintiff suffered and continues to suffer severe emotional damages which include, but are not limited to, pain and suffering, emotional distress, and mental duress, among other things. The lack of proper and adequate medical care is the proximate cause of Plaintiff's injuries. All the defendants are jointly and severally liable to the plaintiff for the damages alleged herein.

**JURISDICTION AND VENUE**

5. The United States District Court for the District of Puerto Rico has jurisdiction over this action under 28 U.S.C. sec. 1332 since the matter of this civil action

exceeds the sum of seventy five thousand dollars ($75,000.00), exclusive of interests and costs, and is between citizens of different states.

6. Plaintiff is citizen and domiciled in the state of Minnesota.

7. Defendant is citizen and domiciled in the Commonwealth of Puerto Rico.

8. Pursuant to 28 U.S.C. sec. 1391, venue is proper in the District of Puerto Rico because the defendant resides within this judicial district.

9. Plaintiff demands that all causes of action be tried before a jury.

## PARTIES

10. Plaintiff, Hilda Gomez-Tucker, is of legal age, citizen of the United States, domiciled and resident of the state of Alabama. Plaintiff's physical address is 2711 Old Trace, Mountain Brook,, Alabama 35243.

11. Defendant, Dorado Health, Inc. d/b/a Manati Medical Center, ("Hospital"), is a hospital that provides an array of medical services, including emergency room services and intensive care. Hospital is owned and operated by Dorado Health, Inc. which has a designated office in the Commonwealth of Puerto Rico located in Calle Hernandez Carrion Num. 538, Manati, Puerto Rico 00674, with its postal address which is PO Box 1142 San Juan, PR 00720.

12. Co-Defendant, Emergency Room Company XYZ, ("ERC"), is another unknown business entity, which is affiliated with the Hospital, that directed and exclusively operated the Emergency Room located at the Hospital's physical facilities. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

13. Co-Defendant, Dr. Hector Galloza-Laguer, ("Doctor A"), is a physician with a license to practice medicine in the Commonwealth of Puerto Rico. Doctor A is a resident of Puerto Rico. His current personal address is unknown. However his current business address is Calle Hernandez Carrion Num. 538, Manati, Puerto Rico 00674, with its postal address which is PO Box 1142 San Juan, PR 00720. Plaintiff reserves the right to amend the Complaint once more information is discovered.

14. Co-Defendant Jane Doe is married to Doctor A, is a resident of Puerto Rico and together they constitute a conjugal partnership which is liable for all the causes of action alleged herein.

15. Co-Defendant, Dr. Fernando Descartes, ("Doctor B"), is a physician with a license to practice medicine in the Commonwealth of Puerto Rico. Doctor A is a resident of Puerto Rico. His current personal address is unknown. However his current business address is Calle Hernandez Carrion Num. 538, Manati, Puerto Rico 00674, with its postal address which is PO Box 1142 San Juan, PR 00720. Plaintiff reserves the right to amend the Complaint once more information is discovered.

16. Co-Defendant Mary Doe is married to Doctor B, is a resident of Puerto Rico and together they constitute a conjugal partnership which is liable for all the causes of action alleged herein.

17. Co-Defendant Luis Vega Santiago, ("Tortfeasor A"), is a resident of Puerto Rico. His current address is Carr. 149 KM, 18.7 Barrio isa, Ciales, 00638. Plaintiff reserves the right to amend the Complaint once more information is discovered.

18. Co-Defendants, Insurance Companies A, B, C, D and E (hereinafter referred to as "Insurers"), held an insurance policy in favor of all Defendants. Their Current address is

unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

## THE FACTS

19. At the time of the negligent occurrence, Plaintiff was traveling in Puerto Rico.

20. On March 5, 2014, Plaintiff was a passenger in a vehicle. While traveling around Carr. 149 near Intersection 633 in Ciales, Plaintiff's vehicle was collided by another vehicle, which was being driven negligently by Tortfeasor A.

21. An Accident Report was prepared by the police on that same day, Querella # 2014-2-020-00587.

22. Plaintiff was treated at the accident site by paramedics. However, the paramedics did not treat the Plaintiff fully and instead opted to take her to the Hospital.

23. Plaintiff arrived at the Hospital around 1:00 PM in the afternoon. Plaintiff was taken to the Emergency Room, which is either run by the Hospital or ERC.

24. Once at the Hospital Emergency Room, Plaintiff was treated and/or intervened by the Hospital, ERC, and Doctors A and B.

25. However, the Hospital, ERC, and Doctors A and B; personally or through their employees, if any; did not perform the necessary tests to properly diagnose and determine the condition that Plaintiff suffered while being treated at the ERC.

26. The Hospital, ERC, and Doctors A and B; personally or through their employees, if any; failed to carry out the necessary tests to diagnose correctly the Plaintiff, causing that the Plaintiff was not treated and cured adequately during her visit to the Emergency Room, effectively causing that the Plaintiff to seek another medical doctor on March 18, 2014.

27.    The Hospital, ERC, and Doctors A and B; personally or through their employees, if any; were negligent for discharging the Plaintiff without obtaining proper results through several necessary tests that should have been performed on the Plaintiff.

28.    Plaintiff was negligently discharged on that same day, March 5, 2014, in an unstable condition and had not yet been cured and/or treated efficiently. These negligent actions effectively caused that the Plaintiff required seeking another medical doctor on March 18, 2014.

29.    After being negligently discharged by the Hospital, ERC, and Doctors A and B; personally or through their employees, if any; Plaintiff continued to suffer severe physical pain and suffering, leading to stress and anguish.

30.    For approximately two weeks, Plaintiff continued to suffer severe physical pain and suffering, and was forced to seek medical attention.

31.    On March, 18, 2014 Plaintiff sought the medical attention of Dr. Mark Ricketts, whom found that the Plaintiff had several fractures that had been left untreated.

32.    Plaintiff had to undergo various visits to continue her treatment with her personal medical doctor. Plaintiff had to undergo various physical therapies in order to treat her severe physical pain and suffering.

33.    As a result, Plaintiff has suffered and continues to suffer severe pain and mental anguish due to the horrible experiences she underwent because of defendants' negligent care, inadequate treatment and total disregard for standard medical emergency procedures.

**FIRST CAUSE OF ACTION**

**PERSONAL INJURY**

34. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

35. Tortfeasor A was negligent when he crashed his vehicle with the vehicle of which the Plaintiff was a passenger of.

36. Said accident was the cause of Plaintiff's injuries and led to Plaintiff's ambulatory care by the Paramedics.

37. Tortfeasor A is liable for Plaintiff's instant damages and all subsequent injuries.

**SECOND CAUSE OF ACTION**

**MEDICAL MALPRACTICE**

38. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

39. The defendants Hospital, ERC, and Doctors A and B; personally or through their employees, if any; were negligent in failing to provide an adequate diagnosis, treatment, medication and/or care to Plaintiff during her Emergency Room visit on March 5, 2014, in light of the generally recognized standards of medicine, and as such directly caused and/or contributed to Plaintiff's damages.

40. The defendants Hospital, ERC, and Doctors A and B; personally or through their employees, if any; were required to exercise and use the degree of skill and learning ordinarily used under the same or similar circumstances by members of the medical profession.

41. Notwithstanding the defendants Hospital, ERC, and Doctors A and B; personally or through their employees, if any; failed to employ said degree of skill, failing to correctly diagnose and treat the symptoms exhibited by Plaintiff, pursuant to the existing state of medical knowledge, thereby departing from standard procedures resulting in a negligent treatment.

42. The defendants Hospital, ERC, and Doctors A and B; personally or through their employees, if any; breached their duty to provide Plaintiff with acceptable health care, as measured by the standards of the profession, and to protect the Plaintiff from further physical, mental and emotional harm.

43. Hospital and ERC; through their directors and/or officers; were negligent in failing to provide the proper supervision of the defendant doctors and also the medical personnel it employs or contracts, and otherwise failed to exercise due medical care, treatment and caution to cure and prevent an increase of Plaintiff's injuries.

44. Hospital and ERC not only failed to adequately select and supervise the co-defendant doctors, but permitted the use of its facilities, allowing, encouraging and condoning the negligent care and improper treatment of Plaintiff, proximately and directly causing Plaintiff's continuous and increasing severe physical pain and suffering, severe mental stress and anguish, and any other damages.

45. Plaintiff's premature and/or improper release caused and/or contributed to the Plaintiff's damages for which the claim is made herein.

46. Plaintiff suffers and continues to suffer severe physical pain and suffering due to the defendants Hospital, ERC, and Doctors A and B; personally or through their employees, if any; negligent care, inadequate treatment and total disregard for standard

medical emergency procedures.

47. Plaintiff suffers and continues to suffer severe mental stress and anguish due to the horrible experience she has underwent because of the defendants Hospital, ERC, and Doctors A and B; personally or through their employees, if any; negligent care, inadequate treatment and total disregard for standard medical emergency procedures.

48. The inadequate medical treatment and care for the Plaintiff, by the defendants Hospital, ERC, and Doctors A and B; personally or through their employees, if any; is the direct and proximate cause of Plaintiff's continuous and increasing severe physical pain and suffering, severe mental stress and anguish, and any other damages.

## THIRD CAUSE OF ACTION

### INSURANCE COMPANIES ARE JOINTLY AND SEVERALLY LIABLE

49. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

50. Insurance Companies A, B, C, D and E are directly, jointly and severally liable, along with the other co-defendants to the Plaintiff for the damages caused by their insured, pursuant to the terms and coverage of their respective policies of insurance.

## DAMAGES

51. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

52. As a direct result of the acts and omissions of all the defendants, Plaintiff suffers a continuous and increasing severe physical pain and suffering, severe mental stress and anguish, and any other damages.

53. Plaintiff's damages cannot be reasonably calculated at this time, but are

estimated in an amount no less than five hundred thousand dollars ($500,000.00) as just compensation for her severe physical damages, severe pain and suffering, severe mental stress and anguish, past, present and future damages.

54. All defendants have been obstinate in denying liability and attempting to cover up and avoid liability and as such are liable for prejudgment interest and attorney fees pursuant to Rule 54 of the Federal Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

55. Plaintiff demand a trial by jury as to all claims and issues alleged herein.

## PRAYER

Wherefore, all allegations considered, Plaintiff prays that judgment be entered in their favor and against all Defendants', specifically:

1. Granting Plaintiff's Complaint against Defendants. This Court should grant Plaintiff's complaint in all respects and render a judgment in her favor, awarding Plaintiff the currently estimated damages of the amount no less than five hundred thousand dollars ($500,000.00).

2. Awarding plaintiff reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements.

3. Awarding plaintiff any and all other relief to which plaintiff may be justly entitled.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 5 day of March, 2015.

*S/VICTOR M. RIVERA-RIOS*
USDC BAR NUMBER 301202
RIVERA COLÓN, RIVERA TORRES & RIOS BERLY, PSC
1502 FERNANDEZ JUNCOS AVE
SAN JUAN, PR 00909
Telephone: (787) 727-5710
Facsimile: (787) 268-1835
E-Mail: victorriverarios@rcrtrblaw.com